UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TONY L. MUTSCHLER,                          :
                                            :
            Plaintiff,                      :
                                            :
      v.                                    :        CIVIL NO. 3:CV-15-2015
                                            :
CAPT. S. M. DOWNS, et al.                   :        (Judge Kosik)
                                            :
            Defendants.                     :

**FILED
SCRANTON**

SEP - 6 2016

PER _____
      DEPUTY CLERK

## MEMORANDUM

### I.   **Background**

Plaintiff Tony Lee Mutschler filed this pro se civil rights complaint pursuant

to 42 U.S.C.§ 1983 on October 16, 2015.  Named as Defendants are Superintendent

Brenda Tritt, Captain S.M. Downs, and Correctional Officers Jones and Starling, all

employees at the State Correctional Institution at Frackville, Pennsylvania.  In the

original complaint, Plaintiff alleged in a cursory fashion that the defendants denied

him due process, impeded his access to the courts, retaliated against him and

wrongfully seized his property in violation of the Fourth Amendment.  On March

21, 2016, the Magistrate Judge entered a Report and Recommendation wherein he

recommended that the complaint be dismissed without prejudice to Plaintiff to

submit an amended complaint within twenty (20) days to correct the deficiencies

cited in the Report. (Doc. 13.)  On April 12, 2016, the court adopted the Report

and Recommendation of the Magistrate Judge. (Doc. 15.) The complaint was dismissed without prejudice to Plaintiff filing a proposed amended complaint within twenty (20) days. Thereafter, Plaintiff moved to amend his complaint, but his motion was unaccompanied by any proposed amended complaint. As such, the Magistrate Judge issued an order denying the motion to amend without prejudice and giving Plaintiff a final chance to submit a motion to amend, a supporting brief and a proposed amended complaint in strict adherence to the court's prior directives and curing the deficiencies of the original complaint. (Doc. 18.) Presently before the court is Plaintiff's motion to amend the complaint, along with his brief in support thereof and a proposed amended complaint. (Docs. 21-22.)

## II.   Discussion

After reviewing the motion and the proposed amended complaint, the motion to amend will be granted only to the following extent. For the most part, Plaintiff has failed to cure the deficiencies listed by the Magistrate Judge in the Report and Recommendation of March 21, 2016. Liability against Defendant Tritt is still only based on her supervisory position, even though Plaintiff attempts to make it appear otherwise. Plaintiff keeps referring to Tritt's "duties" and refers generally to her "policy", but never identifies what Tritt did or sets forth facts to flesh out his general allegations. He also references his unhappiness with the manner in which Tritt responded to his grievance, which also fails to state a claim. Moreover,

2

Plaintiff raises other claims against Tritt that he admits are being pursued in a different civil action presently pending before this court. For the reasons previously stated by the Magistrate Judge and adopted by this court, Defendant Tritt is dismissed from this amended complaint, and service will not be directed upon her.

Also named in the proposed amended complaint are Defendants Jones and Starling. Again, Plaintiff merely sets forth conclusions, with no facts. Although he claims that said defendants destroyed his property, he had a remedy for any lost property. He again attaches grievance records which demonstrate the existence of a post-deprivation remedy. As such, he has failed to cure any claims against said defendants for the reasons previously stated, and service of the amended complaint will not be directed on these defendants either.

The motion to amend will be granted, however, with respect to Defendant Downs, and service of the amended complaint will only be directed on this defendant. In reading the proposed amended complaint by this pro se inmate very liberally, he appears to allege a claim of retaliation against Downs, claiming that he knowingly issued a false misconduct and ordered Plaintiff's legal property confiscated and later destroyed, because Plaintiff filed "statements" against many of Defendant's officers which put "black marks" on their record. (Doc. 22-1, ¶ 15.) Plaintiff also appears to allege a claim of access to the courts with respect to the

confiscated/destroyed legal property against Downs, when he claims that he was prevented from litigating his criminal case and might be a free man, had Downs not ordered the confiscation/destruction. (Id. at ¶ 11.)  While the court is not passing any judgment as to the ultimate success of these claims, they will at least be allowed to proceed at this juncture.  As such, the motion to amend (Doc. 21) will only be granted to the following extent.  The Clerk of Court will be directed to docket the amended complaint (Doc. 22-1), but it will only proceed against Defendant Downs with regard to the two claims set forth above.  The Clerk of Court will be specially appointed to serve the complaint on Defendant Downs.  All other Defendants and claims are dismissed from this action.  Moreover, the request for relief is stricken to the extent Plaintiff again demands a specific sum of damages.  This type of prayer for relief violates Rule 8.1 by specifying a specific sum of unliquidated damages, and is therefore improper.  The specific dollar amounts will be stricken from the amended complaint.

To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the amended complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on Defendant Downs.  The waiver request shall inform the defendant both of the consequences of compliance and of the

4

failure to comply with the request.  Defendant Downs is permitted 30 days from the date the waiver request is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver or electronically file it in the court's Electronic Case Filing (ECF) system.  If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the amended complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for the defendant so that the court can effect service.  At this time, service will be attempted on the defendant at the address Plaintiff has listed for them in the amended complaint.  However, if the Clerk of Court cannot properly mail the amended complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to Defendant Downs due to Plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for Defendant.  If Plaintiff does not have sufficient copies of these forms, he may obtain additional forms from the Clerk of Court.  On the form, Plaintiff must give the full name and complete

5

address of the defendant.  If Plaintiff fails to give the Clerk's Office correct instructions for mailing to defendant, Plaintiff's claims against the defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the amended complaint until he: (1) has waived service; or (2) has been served with a summons and the amended complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service.  Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the amended complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and amended complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation.  Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.

An appropriate order is attached.